**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| JOSE MANUEL MENDOZA-RODRIGUEZ,<br><br>              Petitioner,<br><br>  v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>              Respondents. | Case No. EDCV 26-1730-AS<br><br>**ORDER GRANTING UNOPPOSED PETITION** |

On April 8, 2026, Petitioner Jose Manuel Mendoza-Rodriguez ("Petitioner"), an immigration detainee who is in the custody of United States Immigration and Customs Enforcement ("ICE") at the Desert View ICE Detention Facility in Adelanto, California, and is represented by counsel, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") claiming that his detention without any individualized custody determination or bond hearing violates the Due Process Clause of the Fifth Amendment as well as the Immigration and Nationality Act ("INA"). (Dkt. No. 1). On April 16, Respondents filed an Answer which states that they "are not presenting an opposition argument at this time." (Dkt. No. 7).

For the reasons set forth below, the Court GRANTS the Petition and ENJOINS Respondents from continuing to detain Petitioner unless he is provided, within seven (7) days, with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), at which the government must bear the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified.[1]

## BACKGROUND

Petitioner is a native and citizen of Venezuela who entered the United States on October 5, 2022, and has resided here since, during which time he has "maintained the same address, has been gainfully employed, paid taxes, and has caused no harm to anyone nor broken any laws." (Petition ¶¶ 1-2, 18-22). He filed an application for asylum on August 31, 2023, which remains pending. (Id. ¶ 2, 22).

On March 2, 2026, ICE officers arrested him and transferred him to the Desert View ICE Detention Center. (Petition ¶¶ 2, 13, 23). He was issued a Notice to Appear charging him as removable under INA sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I), 8 U.S.C.

---

[1] The parties have consented to proceed before the undersigned United States Magistrate Judge. (See Dkt. Nos. 3-5).

2

§§ 1182(a)(6)(A)(i),[2] 1182(a)(7)(A)(i)(I).[3] (Petition ¶ 24). Petitioner has received no individualized custody determination. (Id. ¶ 25). He requested a custody determination pursuant to 8 C.F.R. § 1236, but an immigration judge denied it on March 30, 2026, on the ground that the immigration court lacked jurisdiction under In re Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025), an opinion issued by the Board of Appeals ("BIA") on September 5, 2025, which held that individuals who entered the United States without inspection are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and are categorically ineligible for a bond hearing. (Petition ¶¶ 3, 26). The immigration judge thus did not weigh any evidence, make any finding of flight risk, or assess any danger to the community. (Petition ¶ 26).

**DISCUSSION**

Petitioner's right to relief here is established by this Court's decision in the class action Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084 (C.D. Cal. 2025) ("Bautista"), judgment entered sub nom. Maldonado Bautista v. Noem, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), appeal filed, 9th Cir. Case Nos.

---

[2] This provision renders inadmissible any noncitizen who is "present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General[.]" 8 U.S.C. § 1182(a)(6)(A)(i).

[3] This provision renders inadmissible any noncitizen who is not in possession of a valid unexpired visa and passport, or other required entry or travel documentation, at the time of application for admission. 8 U.S.C. § 1182(a)(7)(A)(i)(I).

25-7958, 26-1044. (Dkt. No. 12), which essentially overruled In re Yajure Hurtado, 29 I & N Dec. 216, by rejecting the government's recent policy of treating noncitizens who entered the United States without inspection as being subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and holding instead that such noncitizens are subject to detention under 8 U.S.C. § 1226(a) and are therefore entitled to bond hearings.[4] See Bautista, 813 F. Supp. 3d at 1101-06. Bautista certified a class of such noncitizens entitled to this relief – the "Bond Eligible Class," which comprises "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security [('DHS')] makes an initial custody determination." 813 F. Supp. 3d at 1127.

Petitioner entered the United States without inspection, apparently was not apprehended upon arrival, and is not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.[5] (See

---

[4] On March 31, 2026, the Ninth Circuit granted the government's motion for a stay pending appeal of the district court's February 18 order vacating Yajure Hurtado and the December 18 class certification order and final judgment, to the extent the latter orders extended beyond this District, but the district court's judgment in Bautista remains in place as to this District. 9th Cir. Case No. 26-1044, Dkt. No. 17.

[5] These three statutes, respectively, govern detention for noncitizens who fall into certain enumerated categories involving criminal offenses and terrorist activities, 8 U.S.C. § 1226(c); for some noncitizens who are "arriving" in the United States or who have "not been admitted or paroled into the United States" and

4

Petition ¶¶ 2, 21-24). Petitioner is detained pursuant to 8 U.S.C. § 1226(a), which grants the government discretion to arrest and detain noncitizens "pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1226(a) and its implementing regulations provide extensive procedural protections, including the right to bond hearings "before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Bautista, 813 F. Supp. 3d at 1102 (citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022)).

Petitioner is therefore entitled to a prompt, individualized bond hearing under § 1226(a). See, e.g., Quinonez Herrera v. Mullin, 2026 WL 915184, at *2-3 (C.D. Cal. Apr. 3, 2026). At that hearing, the government must "bear the burden of proving by clear and convincing evidence that [Petitioner's] continued detention is justified." Perez v. McAleenan, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020), appeal dismissed, 2020 WL 8970669 (9th Cir. 2020); see also Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) ("At the outset of its decision, the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that Martinez is a danger to the community."); Melchor-Melchor v. Noem, 2026 WL 760058, at *1-3 (C.D. Cal. Mar. 16, 2026)

---

cannot show that they have "been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility," id. § 1225(b); and for noncitizens subject to a final order of removal, id. § 1231.

(ordering petitioner's release because the immigration judge at his bond hearing failed to place the burden on the government to prove dangerousness or flight risk by clear and convincing evidence); Gutierrez v. Semaia, 2026 WL 916773, *5 n.3 (C.D. Cal. 2026) ("[C]onsistent with Ninth Circuit precedent, the government will bear the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public." (citing Martinez v. Clark and Rodriguez Diaz v. Garland) (other citations omitted)).

**ORDER**

Accordingly, the Court GRANTS the Petition and ENJOINS Respondents from continuing to detain Petitioner unless he is provided, within seven days of the date of this Order, with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), at which the government must bear the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 17, 2026

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE